

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2007

# O'Connell v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2206

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"O'Connell v. Williams" (2007). *2007 Decisions.* Paper 788.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/788

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2206
_____

WARREN O'CONNELL,

Appellant

v.

DALE WILLIAMS, Unit Manager of D Unit; JOHN WILLIAMS,
Captain of Guards; DEPUTY WARDEN JOSEPH MAZURKIEWICZ;
JOHN BARRY JOHNSON, Warden of S.C.I. Pine Grove;
PH. D. JEFFREY BEARD, Secretary of Corrections

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00706)
District Judge: Honorable David S. Cercone
_____

Submitted Under Third Circuit LAR 34.1(a)
June 1, 2007

Before: SLOVITER, MCKEE AND AMBRO, <u>CIRCUIT JUDGES</u>

(Filed July 11, 2007)

_____

OPINION

_____

PER CURIAM

Warren O'Connell, proceeding pro se, filed a civil rights lawsuit under 42 U.S.C. § 1983 against various officials employed by S.C.I.-Pine Grove, as well as the Secretary of the Pennsylvania Department of Corrections. In his initial complaint, O'Connell alleged that Defendants violated his Eighth and Fourteenth Amendment rights by failing to move him to another cell to protect him from his cellmate and violated his First Amendment right of access to the courts by maintaining an inadequate law library in the Restricted Housing Unit ("RHU") at SCI-Pine Grove. He then amended his complaint to allege that he had been retaliated against for initiating the underlying lawsuit.

The filing of the underlying complaint was precipitated by a fight between Appellant and his cellmate, Richard Greene, in March 2003. During the two months preceding, Appellant several times requested a cell change, indicating that he and Greene were not getting along. Appellant claims that Dale Williams, the Unit Manager, told him he would "take care of it," but nothing ever happened. During the fight, Appellant was bitten on the left arm by Greene, and consequently, had to undergo treatment for Hepatitis C, with which Greene was infected. Appellant was charged with fighting and given sixty days' disciplinary time in RHU. According to Appellant, he was released from RHU thirty days later and reinstated to his former job. Appellant alleges that the day after the instant lawsuit was filed in early May 2003, he was charged with a misconduct for "disseminating lies" regarding the criminal records and/or institutional

2

adjustment of other inmates.  As a result, he was placed in administrative custody pending review of the charges.  He alleges that he was then twice transferred to different state correctional institutions without a hearing, and that the misconduct and the transfers were effected in retaliation for his filing the instant lawsuit.

Upon Defendants' motion, the District Court dismissed all of Appellant's claims except his claim that two of the defendants violated his right to due process by failing to protect him from his cellmate.  After a period of court-supervised discovery, the remaining defendants moved for, and the District Court granted, summary judgment. O'Connell now appeals the District Court's dismissal of his claims regarding access to the courts and retaliation, denial of his motions for the appointment of counsel, and grant of summary judgment on his failure to protect claims.  For the reasons that follow, we will affirm.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review the District Court's grant of Appellees' motion to dismiss de novo.  See Alston v. Parker, 363 F.3d 229, 232-33 (3d Cir. 2004).  We exercise plenary review over the District Court's entry of summary judgment, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the summary judgment motion.  Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995).

The Supreme Court has recognized that "adequate law libraries" are a component of the right of access to the courts.  See Bounds v. Smith, 430 U.S. 817, 828 (1977). To state a claim for denial of access to courts based on an inadequate law library, a litigant

3

must show with specificity that he was prevented from litigating a nonfrivolous underlying claim due to the allegedly inadequate facilities, and must seek a remedy for the denial of access which would not be available in another suit. See Lewis v. Casey, 518 U.S. 343, 353 & n.3 (1996); accord Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Here, O'Connell alleged only that the law library in RHU at SCI-Pine Grove has been incomplete since the prison opened in early 2000, and that at the time of filing, it consisted only of a mobile book cart with sixty books. In his opposition to Appellees' motion to dismiss and on appeal, he claims that he lost the federal appeal of his civil action, Civ. No. 99-cv-00263 (E.D. Pa.), due to the shortcomings of the books on the book cart. We note, however, that judgment was entered in the appeal cited by Appellant on December 17, 2002, and the mandate issued on February 20, 2003. See C.A. No. 01-2974. The incidents in question, which caused Appellant to be confined to RHU, occurred after this appeal became final. Accordingly, we agree that Appellant failed to show an actual injury as required by existing Supreme Court precedent.

With respect to Appellant's claims that he was given false misconducts and unwarranted transfers in retaliation for filing this lawsuit, we agree with the District Court that Appellant failed to satisfy the third element of a retaliation claim: that his protected activity was a substantial motivating factor in the decision to take adverse action against him. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Appellant complains that after he filed his lawsuit, he was charged with a misconduct for "disseminating lies"

4

regarding other inmates and placed in administrative custody pending review of the charges. He further alleges that he was then twice transferred to different state correctional institutions without a hearing. The Magistrate Judge found that the charges against Appellant were supported by the record and that they satisfied Appellees' burden of showing that Appellant would have been transferred even if he had not filed the instant lawsuit. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002). In so concluding, the Magistrate Judge properly deferred to the judgment of prison administrators. See id. at 158 (quoting Turner v. Safley, 482 U.S. 78, 85 (1987)). Because Appellant has not demonstrated that these actions would not have been taken against him had he not filed the instant lawsuit, we agree with the determination of the District Court that he has not stated a claim for retaliation.

With respect to the District Court's entry of summary judgment in favor of Appellees on Appellant's claim that they failed to protect him from his cellmate, we agree with the District Court that the facts alleged by Appellant do not demonstrate that Appellees knew of and consciously disregarded an excessive risk to Appellant's health or safety. See Farmer v. Brennan, 511 U.S. 825, 847 (1994). Certainly, the record supports Appellant's allegations that he repeatedly requested a new cell assignment and that he and his cellmate were "not getting along." However, Appellant has set forth no evidence that Appellees were, or should have been, aware that there was a serious threat to his safety. While we do not dispute that Appellant suffered injuries as a result of the altercation with his cellmate, we cannot conclude that Appellees are liable for them.

5

Finally, Appellant challenges the District Court's denials of his motions for the appointment of counsel, which we review for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). The District Court clearly assessed all of the relevant Tabron factors in denying Appellant's several motions for the appointment of counsel, and we cannot conclude that its denials constitute an abuse of discretion.

Having thoroughly considered all of the arguments raised by Appellant, we conclude that they are unpersuasive and accordingly, we will affirm the judgment of the District Court.